**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| JENNIFER L. CRAMBLETT, | ) | Civil Action No: _____ |
| | ) | Judge _____ |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **PLAINTIFF'S COMPLAINT FOR** |
| | ) | **CONSUMER FRAUD, COMMON LAW** |
| MIDWEST SPERM BANK, LLC, | ) | **FRAUD, WILLFUL AND WANTON** |
| | ) | **MISCONDUCT, COMMON LAW** |
| Defendant. | ) | **NEGLIGENCE, BREACH OF** |
| | ) | **CONTRACT AND BREACH OF** |
| | ) | **WARRANTY** |

Plaintiff, JENNIFER L. CRAMBLETT, by and through her attorneys, Ostojic & Scudder, LLC, and for her Complaint for Consumer Fraud, Common Law Fraud, Willful and Wanton Misconduct, Common Law Negligence, Breach of Contract and Breach of Warranty against Defendant, MIDWEST SPERM BANK, LLC, states and alleges as follows:

1.    This civil action for consumer fraud, common law fraud, willful and wanton misconduct, common law negligence, breach of contract and breach of warranty arises from Defendant MIDWEST SPERM BANK, LLC's delivery of sperm from the wrong donor to an Ohio fertility clinic with which Plaintiff, JENNIFER L. CRAMBLETT, was artificially inseminated.

**PARTIES, JURISDICTION AND VENUE**

2.    Plaintiff, JENNIFER L. CRAMBLETT, is a citizen and resident of Canton, Ohio.

3.    Defendant, MIDWEST SPERM BANK, LLC, is an Illinois limited liability with its principal place of business in Downers Grove, Illinois.

4.    This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1), because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5.      This court has *in personam* jurisdiction over Defendant, MIDWEST SPERM BANK, LLC, because it is an Illinois limited liability company with its principal place of business in Downers Grove, Illinois.

6.      Venue is proper in this court pursuant to 28 U.S.C. § 1391(b)(1), because Defendant, MIDWEST SPERM BANK, LLC, has its principal place of business, and thus resides, in this judicial district.

7.      Venue is also proper in this court pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to Plaintiff JENNIFER L. CRAMBLETT's claims occurred in this judicial district.

8.      This civil action has been timely filed inasmuch as it was filed originally in the Circuit Court of Cook County, Illinois, Jennifer Cramblett v. Midwest Sperm Bank, LLC, Case No. 14 L 010159, in a timely manner before being transferred to the Circuit Court of the Eighteenth Judicial Circuit, DuPage County, Illinois, Case No. 2015 L 282.  On March 11, 2016, the Eighteenth Judicial Circuit dismissed this case otherwise than on the merits with leave to refile within forty-five (45) days.

## FACTS COMMON TO ALL CLAIMS

9.      In December, 2011, Plaintiff, JENNIFER L. CRAMBLETT, was artificially inseminated with sperm shipped from Defendant, MIDWEST SPERM BANK, LLC.

10.      Although Plaintiff, JENNIFER L. CRAMBLETT, ordered sperm from Midwest Sperm Bank Donor No. 380, who is Caucasian, Defendant, MIDWEST SPERM BANK, LLC, delivered sperm from Donor No. 330, who is African-American.

11.     Approximately five months into her pregnancy, Plaintiff, JENNIFER L. CRAMBLETT, learned from her fertility clinic in Akron, Ohio, that she had been inseminated with Donor No. 330's sperm.

12.     On or about August 11, 2011, Defendant, MIDWEST SPERM BANK, LLC, provided Plaintiff, JENNIFER L. CRAMBLETT with a written warranty entitled "CERTIFICATION OF FDA COMPLIANCE, signed by Defendant MIDWEST SPERM BANK, LLC's Laboratory Director (hereinafter, the "Certification"), guaranteeing that it complied strictly "with all FDA Regulatory Requirements for Human Cells, Tissues and Cellular and Tissue Based Products (HCT/P's) as described in 21 CFR PART 1271 and all relevant subparts."  A copy of this written and signed warranty is attached hereto and incorporated herein by reference as Exhibit 1.

13.     At all relevant times, Defendant MIDWEST SPERM BANK, LLC's representations and warranties in the Certification were knowingly false inasmuch as Defendant, MIDWEST SPERM BANK, LLC, knew that it did not comply with various current good tissue practice (CGTP) requirements in 21 CFR PART 1271, Subpart D, relative to the processing, storage, labeling, packaging and distribution of HCT/Ps.  Specifically, Defendant, MIDWEST SPERM BANK, LLC, knew *inter alia* that:

(a)   it did not have personnel sufficient to ensure compliance with CGTP requirements in violation of 21 CFR § 1271.170(a);

(b)   it did not have personnel with the necessary education, experience, and training to ensure competent performance of their assigned functions in violation of 21 CFR § 1271.170(b);

(c)   it failed to train all personnel to perform their assigned responsibilities adequately in violation of 21 CFR § 1271.170(c);

(d)    in violation of 21 CFR § 1271.250(a), it failed to establish or maintain procedures to control the labeling of HCT/Ps to ensure proper HCT/P identification and to prevent mix-ups;

(e)    it failed to establish or maintain procedures to verify label accuracy, legibility and integrity in violation of 21 CFR § 1271.250(b);

(f)    in violation of 21 CFR § 1271.250(c), it failed to establish or maintain procedures ensuring that each HCT/P was labeled in accordance with labeling requirements set forth in 21 CFR § 1271.290;

(g)    it did not maintain records in the performance of CGTP requirements that were accurate, indelible, and legible in violation of 21 CFR § 1271.270(a);

(h)    it did not establish or maintain a records management system relating to core CGTP requirements in violation of 21 CFR § 1271.270(b);

(i)    it did not establish or maintain a method of records retention necessary to make the records legible in violation of 21 CFR § 1271.270(c); and

(j)    in violation of 21 CFR § 1271.290(b), it did not establish or maintain a system of HCT/P tracking enabling the accurate tracking of all HCT/Ps from donor to final disposition and from final disposition to donor.

14.    In doing business with Defendant, MIDWEST SPERM BANK, LLC, Plaintiff, JENNIFER L. CRAMBLETT, actually relied on the representations and warranties in the Certification.

15.    On August 21, 2012, Jennifer gave birth to Payton, a beautiful, obviously mixed race, baby girl.

16.    Plaintiff, JENNIFER L. CRAMBLETT, is now facing numerous challenges and external pressures associated with an unplanned transracial parent-child relationship for which she was not, and is not, prepared.

17.    In order to address the aforementioned challenges and external pressures appropriately, Plaintiff, JENNIFER L. CRAMBLETT, has consulted with a sociologist and a social worker.  Both the sociologist and the social worker agree that, at a minimum, both she and

4

Payton will require long-term individual and family counseling as well as a change of domicile to a place that is more racially and culturally diverse.

18.     Plaintiff JENNIFER L. CRAMBLETT's current and upcoming challenges with transracial parenting would not have materialized but for Defendant MIDWEST SPERM BANK, LLC's failure to deliver sperm from the correct donor.

**FIRST CLAIM FOR RELIEF**
(Violation of the Consumer Fraud and Deceptive Business Practices Act)

19.     Plaintiff, JENNIFER L. CRAMBLETT, incorporates by reference the allegations in Paragraphs 1 through 18 above as if fully rewritten herein.

20.     Defendant, MIDWEST SPERM BANK, LLC, engaged in a deceptive act or practice under Section 2 of the Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/2, by knowingly misrepresenting in the Certification that it complied strictly with FDA regulatory requirements pertaining to HCT/Ps.

21.     Defendant MIDWEST SPERM BANK, LLC's knowing misrepresentation in the Certification that it complied strictly with FDA regulatory requirements pertaining to HCT/Ps was willfully and intentionally made with reckless indifference to the rights of others, including Plaintiff, JENNIFER L. CRAMBLETT.

22.     By knowingly misrepresenting in the Certification that it complied strictly with FDA regulatory requirements pertaining to HCT/Ps, Defendant, MIDWEST SPERM BANK, LLC, intended for Plaintiff, JENNIFER L. CRAMBLETT, to rely on such deception.

23.     By deciding to do business with Defendant, MIDWEST SPERM BANK, LLC, Plaintiff, JENNIFER L. CRAMBLETT, actually relied on the Certification.

24.    Defendant MIDWEST SPERM BANK, LLC's deceptive act or practice of providing Plaintiff, JENNIFER L. CRAMBLETT, with the Certification, which it knew was false and misleading, occurred in the course of conduct involving trade or commerce.

25.    As a direct and proximate result of Defendant MIDWEST SPERM BANK, LLC's deceptive acts and practices, Plaintiff has been actually damaged in an amount to be determined at trial, which amount exceeds $75,000.00.

**SECOND CLAIM FOR RELIEF**
(Common Law Fraud)

26.    Plaintiff, JENNIFER L. CRAMBLETT, incorporates by reference the allegations in Paragraphs 1 through 25 above as if fully rewritten herein.

27.    In the Certification, Defendant, MIDWEST SPERM BANK, LLC, represented and warranted falsely and materially that it complied strictly with FDA regulatory requirements pertaining to HCT/Ps.

28.    Defendant MIDWEST SPERM BANK, LLC's material false representation and warranty that it complied strictly with FDA regulatory requirements pertaining to HCT/Ps was made with knowledge of its falsity.

29.    By knowingly misrepresenting in the Certification that it complied strictly with FDA regulatory requirements pertaining to HCT/Ps, Defendant, MIDWEST SPERM BANK, LLC, intended to induce Plaintiff, JENNIFER L. CRAMBLETT, to act on such misrepresentation.

30.    By deciding to do business with Defendant, MIDWEST SPERM BANK, LLC, Plaintiff, JENNIFER L. CRAMBLETT, actually relied on the Certification.

31.    As a direct and proximate result of her reliance upon Defendant MIDWEST SPERM BANK, LLC's materially false representations and warranties, Plaintiff, JENNIFER L.

CRAMBLETT, has been actually damaged in an amount to be determined at trial, which amount exceeds $75,000.00.

### THIRD CLAIM FOR RELIEF
(Common Law Breach of Warranty)

31.     Plaintiff, JENNIFER L. CRAMBLETT, incorporates by reference the allegations in Paragraphs 1 through 30 above as if fully rewritten herein.

32.     Defendant, MIDWEST SPERM BANK, LLC, breached an express warranty of merchantability and of fitness for a particular purpose by certifying in writing that it complied strictly with FDA regulatory requirements relative to HCT/Ps, and then, in violation of FDA CGTP regulations, by delivering sperm from the wrong donor to an Ohio fertility clinic with which Plaintiff, JENNIFER L. CRAMBLETT, was artificially inseminated.

33.     Defendant, MIDWEST SPERM BANK, LLC, breached the aforementioned warranties willfully, wantonly, and with actual malice inasmuch as such breach of express warranty was also a knowing and purposeful misrepresentation of material fact intended to mislead Plaintiff, JENNIFER L. CRAMBLETT, into believing that it was in full compliance with FDA regulatory requirements relative to HCT/Ps, when it was not, thereby inducing her to order donor sperm from it rather than from a fully-compliant competitor.

34.   No delay in the commencement of a civil action would have afforded Defendant, MIDWEST SPERM BANK, LLC, an opportunity to honor its warranty or cure its breach.

35.   As a direct and proximate result of Defendant MIDWEST SPERM BANK, LLC's breach of express warranty, Plaintiff has been actually damaged in an amount to be determined at trial, which amount exceeds $75,000.00.

**FOURTH CLAIM FOR RELIEF**
(Common Law Breach of Contract)

36.     Plaintiff, JENNIFER L. CRAMBLETT, incorporates by reference the allegations in Paragraphs 1 through 35 above as if fully rewritten herein.

37.     In or about August, 2011, Defendant, MIDWEST SPERM BANK, LLC, contracted with Plaintiff, JENNIFER L. CRAMBLETT, to provide her with human sperm from Donor No. 380.  Such contract was preceded by Defendant MIDWEST SPERM BANK, LLC's offer to deliver such sperm to Plaintiff JENNIFER L. CRAMBLETT's fertility clinic in Akron, Ohio, and Plaintiff JENNIFER L. CRAMBLETT's acceptance of such offer for valuable consideration.

38.     Plaintiff, JENNIFER L. CRAMBLETT, performed the contract fully by paying the agreed upon consideration in full.

39.     However, Defendant, MIDWEST SPERM BANK, LLC, breached the contract by delivering to Plaintiff JENNIFER L. CRAMBLETT's fertility clinic human sperm from a donor other than Donor No. 380.

40.     Defendant, MIDWEST SPERM BANK, LLC, also breached the aforementioned contract by breaching its express warranty in writing that it complied strictly with FDA regulatory requirements relative to HCT/Ps, and then, in violation of FDA CGTP regulations, by delivering sperm from the wrong donor to an Ohio fertility clinic with which Plaintiff, JENNIFER L. CRAMBLETT, was artificially inseminated.

41.     Defendant, MIDWEST SPERM BANK, LLC, breached the aforementioned contract willfully, wantonly, and with actual malice inasmuch as its breach of express warranty was a knowing and purposeful misrepresentation of material fact intended to mislead Plaintiff, JENNIFER L. CRAMBLETT, into believing that it was in full compliance with FDA regulatory

requirements relative to HCT/Ps, when it was not, thereby inducing her to order donor sperm from it rather than from a fully-compliant competitor.

42. As a direct and proximate result of Defendant MIDWEST SPERM BANK, LLC's breach of contract, Plaintiff has been actually damaged in an amount to be determined at trial, which amount exceeds $75,000.00.

### FIFTH CLAIM FOR RELIEF
(Willful and Wanton Misconduct)

43. Plaintiff, JENNIFER L. CRAMBLETT, incorporates by reference the allegations in Paragraphs 1 through 42 above as if fully rewritten herein.

44. Defendant, MIDWEST SPERM BANK, LLC, had a legal duty to comply with professional standards of care, and to exercise due care, in providing donor sperm to Plaintiff, JENNIFER L. CRAMBLETT.

45. Defendant, MIDWEST SPERM BANK, LLC, also had a legal duty to comply strictly with all FDA regulatory requirements pertaining to HCT/Ps, including all CGTP requirements, in providing donor sperm to Plaintiff, JENNIFER L. CRAMBLETT.

46. Defendant, MIDWEST SPERM BANK, LLC, breached its legal duties to Plaintiff, JENNIFER L. CRAMBLETT, by failing to exercise the degree of skill, care and diligence of an ordinary and reasonable sperm bank, thereby causing Plaintiff, JENNIFER L. CRAMBLETT, to be artificially inseminated with sperm from the wrong donor.

47. Additionally, Defendant, MIDWEST SPERM BANK, LLC, breached its legal duties to Plaintiff, JENNIFER L. CRAMBLETT, by violating FDA regulatory requirements pertaining to HCT/Ps, including CGTP requirements, thereby causing Plaintiff, JENNIFER L. CRAMBLETT, to be artificially inseminated with sperm from the wrong donor.

48.     Defendant MIDWEST SPERM BANK, LLC's breach of duty to comply strictly with FDA regulatory requirements pertaining to HCT/Ps, including CGTP requirements, was willful, wanton, intentional, malicious and fraudulent, manifesting an utter indifference to, or conscious disregard for, Plaintiff JENNIFER L. CRAMBLETT's welfare.

49.     As a direct and proximate result of Defendant MIDWEST SPERM BANK, LLC's breaches of duty, Plaintiff, JENNIFER L. CRAMBLETT, has suffered counseling and treatment expense, pain, suffering, emotional distress, and other economic and non-economic losses, and will do so in the future.

50.     As a direct and proximate result of Defendant MIDWEST SPERM BANK, LLC's negligence, Plaintiff has been damaged in an amount to be determined at trial, which amount exceeds $75,000.00.

**SIXTH CLAIM FOR RELIEF**
(Common Law Negligence)

51.     Plaintiff, JENNIFER L. CRAMBLETT, incorporates by reference the allegations in Paragraphs 1 through 50 above as if fully rewritten herein.

52.     Defendant, MIDWEST SPERM BANK, LLC, had a legal duty to comply with professional standards of care, and to exercise due care, in providing donor sperm to Plaintiff, JENNIFER L. CRAMBLETT.

53.     Defendant, MIDWEST SPERM BANK, LLC, also had a legal duty to comply strictly with all FDA regulatory requirements pertaining to HCT/Ps, including all CGTP requirements, in providing donor sperm to Plaintiff, JENNIFER L. CRAMBLETT.

54.     Defendant, MIDWEST SPERM BANK, LLC, breached its legal duties to Plaintiff, JENNIFER L. CRAMBLETT, by failing to exercise the degree of skill, care and diligence of an

ordinary and reasonable sperm bank, thereby causing Plaintiff, JENNIFER L. CRAMBLETT, to be artificially inseminated with sperm from the wrong donor.

55.     Additionally, Defendant, MIDWEST SPERM BANK, LLC, breached its legal duties to Plaintiff, JENNIFER L. CRAMBLETT, by violating FDA regulatory requirements pertaining to HCT/Ps, including CGTP requirements, thereby causing Plaintiff, JENNIFER L. CRAMBLETT, to be artificially inseminated with sperm from the wrong donor.

56.     As a direct and proximate result of Defendant MIDWEST SPERM BANK, LLC's breaches of duty, Plaintiff, JENNIFER L. CRAMBLETT, has suffered counseling and treatment expense, pain, suffering, emotional distress, and other economic and non-economic losses, and will do so in the future.

57.     As a direct and proximate result of Defendant MIDWEST SPERM BANK, LLC's negligence, Plaintiff has been damaged in an amount to be determined at trial, which amount exceeds $75,000.00.

WHEREFORE, Plaintiff, JENNIFER L. CRAMBLETT, demands judgment against Defendant, MIDWEST SPERM BANK, LLC, as follows:

a.      With respect to the First, Second and Fifth Claims for Relief, compensatory damages in an amount exceeding seventy-five thousand dollars ($75,000.00) and to be proven at trial, punitive damages, the costs of this action, attorney fees, and such other and further relief as justice and the law so require; and

b.      With respect to the Third, Fourth and Sixth Claims for Relief, compensatory damages in an amount exceeding seventy-five thousand dollars ($75,000.00) and to be proven at trial, the costs of this action, and such other and further relief as justice and the law so require.

Respectfully Submitted,

JENNIFER L. CRAMBLETT

By: _____

John R. Ostojic
OSTOJIC & SCUDDER LLC
332 S. Michigan Ave., Ste. 1000
Chicago, IL 60604
Tel: 312.913.0860
Fax: 312.913.0868
Email: john@ostojiclaw.com
ARDC No. 6190201

*Attorneys for Plaintiff*

**JURY DEMAND**

Plaintiff, JENNIFER L. CRAMBLETT, demands a trial by jury comprised of the maximum number of jurors permissible by law.

_____
Attorney for Plaintiff



## CERTIFICATION OF FDA COMPLIANCE

This letter certifies that Midwest Sperm Bank, LLC is in strict compliance with all FDA

Regulatory Requirements for Human Cells, Tissues and Cellular and Tissue Based Products

(HCT/P's) as described in 21 CFR PART 1271 and all relevant subparts. Our FDA Registration

number is FEI: 3004743932

Sincerely,

Rebecca Mateski
Laboratory Director

# Exhibit 1