UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JENNIFER L. CRAMBLETT,<br><br>    Plaintiff,<br><br>v.<br><br>MIDWEST SPERM BANK, LLC,<br><br>    Defendants. | No. 16-cv-04553<br><br>The Honorable Judge John Z. Lee |

**MEMORANDUM IN SUPPORT OF MIDWEST SPERM BANK, LLC'S RULE 12 (b)(6) MOTION TO DISMISS PLAINTIFF'S COMPLAINT ON THE ISSUE OF RES JUDICATA**

NOW COMES Defendant, MIDWEST SPERM BANK, LLC, by and through its attorneys, Robert H. Summers, Jr. and Lynsey A. Stewart of CASSIDAY SCHADE LLP, hereby submit their Memorandum of Law in Support of Defendant's Motion to Dismiss Plaintiff's Complaint on the Issue of Res Judicata pursuant to Federal Rule of Civil Procedure Rule 12(b)(6). In support thereof, Defendant states as follows:

**INTRODUCTION**

On April 22, 2016, Plaintiff, Jennifer Cramblett, filed a six 6 Count Complaint in this court against defendant Midwest Sperm Bank, LLC pursuant to 28 U.S.C. § 1332(a)(1) based on diversity of citizenship. (*See* Doc. 1.) Plaintiff alleges that her civil action arises from the "delivery of sperm from the wrong donor." (Doc. 1 at ¶ 1.) Specifically, Plaintiff claims that she ordered sperm from Donor No. 380, a Caucasian donor, but sperm from Donor No. 330, an African American donor, was delivered. (Doc. 1 at ¶ 10.) Plaintiff underwent artificial insemination in December 2011, and became pregnant. (Doc. 1 at ¶ 9, 11.) On August 21, 2012, Plaintiff gave birth to Payton, an "obviously mixed race baby girl." (Doc. 1 at ¶ 15.) Plaintiff claims that as a

result, she now faces "challenges and external pressures" due to this "transracial parent-child relationship," which she claims is the result of Midwest Sperm Bank's "failure to deliver sperm from the correct donor." (Doc. 1 at ¶¶ 16-18.)

In her complaint, Plaintiff admitted that she originally filed her cause of action in the Circuit Court of Cook County, Case No. 14 L 010159, which was subsequently transferred to the Circuit Court of DuPage County, Case No. 2015 l 000282. (Doc. 1 at ¶8.) She further pleads that on March 11, 2016, the Circuit Court of DuPage County dismissed her case with leave to replead. (Id.) After Plaintiff filed her Complaint in this Court, the Circuit Court of DuPage County dismissed her state court action with prejudice. (*See* July 21, 2016 Order of the Circuit Court of DuPage County, attached hereto as Exhibit A.)

On January 27, 2017, this Court entered an Order staying the instant action pursuant to the *Colorado River* doctrine while Plaintiff pursued appellate review of the dismissal of her state court action in the Illinois Appellate Court. (Doc. 28.) In its Memorandum Opinion and Order, this Court determined Plaintiff's state court and federal actions were "virtually identical" and "[arose] from the same set of underlying facts." (Doc. 29 at pp.6-7.) Accordingly, this Court determined "there is a substantial likelihood that the state proceeding will dispose of all claims brought in the federal action." (Doc. 29 at p. 7.)

Thereafter, on June 27, 2017, the Illinois Appellate court affirmed the dismissal of Plaintiff's state court cause of action. (*See* June 27, 2017 Order of the Second District Appellate Court, attached hereto as Exhibit B.) In reaching that conclusion, the Illinois Appellate Court specifically found the July 21, 2016 Order of the Circuit Court of DuPage County was a final adjudication on the merits, and went on to hold that dismissal was proper. (Ex. B at pp. 7-8, 11-12.) Plaintiff's petition for rehearing was denied on February 15, 2018. (*See* February 15, 2018

2

Order of the Second District Appellate Court, attached hereto as Exhibit C.) Accordingly, as Plaintiff's previously filed cause of action reached a final judgment on the merits, this defendant now moves to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) based on the doctrine of *res judicata* and collateral estoppel.

## FACTUAL BACKGROUND

Jennifer Cramblett filed her initial two (2) count Complaint against Midwest Sperm Bank in the Circuit Court of Cook County on September 29, 2014 alleging wrongful birth and breach of warranty pursuant to 745 ILCS 40/2. (*See* Plaintiff's Initial Complaint at Law, attached hereto as Exhibit D.) Pursuant to the forum selection clause contained within the "Consent Form for Therapeutic Insemination/IVF" and on motion by this defendant, the case was subsequently transferred to the Circuit Court of DuPage County on March 24, 2015. (*See* Notice of Case Transfer, attached hereto as Exhibit E.)

On September 3, 2015, the Circuit Court of DuPage County dismissed both counts of Plaintiff's Complaint with prejudice. (*See* September 3, 2015 Order of the Circuit Court of DuPage County, attached hereto as Exhibit F.) However, Plaintiff was granted leave to replead. Accordingly, on September 23, 2015, Plaintiff filed her First Amended Complaint. (*See* Plaintiff's First Amended Complaint, attached hereto as Exhibit G.) That complaint purported to set forth nine (9) causes of action against Midwest Sperm Bank, including (1) Violation of the Consumer Fraud and Deceptive Business Practices Act; (2) Violation of the Deceptive Trade Practices Act; (3) Common Law Fraud; (4) Violation of the Magnuson-Moss Act; (5) Negligent Misrepresentation; (6) Common Law Breach of Warranty; (7) Common Law Breach of Contract; (8) Gross Negligence; and (9) Ordinary Negligence. (Ex. G.) All nine causes of action were based on this Defendant's alleged violation of various FDA regulations set forth in 21 CFR Part

3

1271 pertaining to Human Cells, Tissues, and Cellular and Tissue-based products (HCT/Ps) and/or a false warranty of compliance with those regulations. This Defendant promptly filed a motion to dismiss all nine counts.

On March 11, 2016, following a hearing on the motion to dismiss, the Circuit Court of DuPage County dismissed Counts II (Violation of the Deceptive Trade Practices Act) and IV (Violation of the Magnuson-Moss Act) with prejudice. (*See* March 11, 2016 Order of the Circuit Court of DuPage County, attached hereto as Exhibit H.) The Court then dismissed the remaining seven (7) Counts without prejudice for failing to set forth sufficient facts to properly plead the elements of each cause of action. (Ex. H; *See also* Transcript of Proceedings from March 11, 2016 at pp. 16-19, attached hereto as Exhibit I.) As an initial matter, the court expressed its belief that Plaintiff's reliance on 21 CFR 1271 is misplaced, pointing out that the express purpose of the act is "to establish donor eligibility, current good tissue practice and other procedures to prevent the introduction, transmission and spread of communicable diseases" and that "there is no allegations here that we had the introduction, transmission, or spread of communicable diseases." (Ex. I at pp. 15-16.) Furthermore, in dismissing Plaintiff's Amended Complaint, the Court questioned the damages sought in Plaintiff's Complaint. (Ex. I at 19 -26.) Specifically, the court read at length from the Illinois Supreme Court decision in *Cockrum v. Baumgartner*, 95 Ill. 2d 193 (1983), which held that the cost of rearing a normal and healthy child cannot be recovered as damages to the parents. (Ex. I at 19-26.) The court concluded that, in the instant case, the damages pled in Plaintiff's Amended Complaint pertaining to "the cost of rearing a normal, healthy child, just because that child is biracial, are not recoverable damages." Despite these reservations, the Court granted Plaintiff forty-five (45) days to file her Second Amended Complaint. (Ex. H.)

In lieu of filing her Second Amended Complaint with the Circuit Court of DuPage County, Plaintiff filed the instant six (6) Count Complaint with this Court alleging: (1) Violation of the Consumer Fraud and Deceptive Business Practices Act; (2) Common Law Fraud; (3) Common Law Breach of Warranty; (4) Common Law Breach of Contract; (5) Willful and Wanton Misconduct; and (6) Common Law Negligence. (Doc. 1). Like the previously dismissed state court complaint, all six counts in the instant complaint are based on alleged violation of various FDA regulations set forth in 21 CFR Part 1271 pertaining to HCT/Ps and/or a false warranty of compliance with those regulations. (Doc. 1).

When Plaintiff failed to comply with the March 11, 2016 Order and file a Second Amended Complaint in the Circuit Court of DuPage County, this Defendant filed a motion to dismiss her cause of action with prejudice. After the motion was fully briefed and following a hearing, the Circuit Court of DuPage County dismissed Plaintiff's the remaining seven (7) Counts of Plaintiff's Amended Complaint with Prejudice. (*See* Ex A.) In ruling on the Motion to Dismiss, the Court reasoned that the filing of Plaintiff's federal complaint was not in compliance with his March 11, 2016 Order, and therefore Plaintiff's failure to file a pleading in the Circuit Court of DuPage County by April 25 2016 warranted dismissal with prejudice based, in part, on defendant's request for finality. (*See* transcript of proceedings from July 21, 2016, attached hereto as Exhibit J.) Accordingly, Defendant's motion to dismiss Plaintiff's Complaint with prejudice was granted. (Ex. J at p. 9.) Plaintiff appealed.

Following briefing and oral argument, the Second District Appellate Court of Illinois issued an Order affirming the dismissal of Plaintiff's cause of action with prejudice. (Ex. B.) Therein, the Appellate Court determined the July 21, 2016 Order issued by the Circuit Court of DuPage County was a final adjudication on the merits. (Ex. B at p. 7-8.) The Appellate Court

further determined that all nine counts in Plaintiff's Amended Complaint were deficient, as she failed to plead sufficient facts to support each count, failed to state a cause of action under the FDA regulations, and failed to plead proximate cause. (Ex. B at pp. 9-11.) Accordingly, the Appellate Court determined the Circuit Court's dismissal of all nine counts was appropriate. (Ex. B at 11.) Furthermore, the Court held when Plaintiff failed to amend her pleading, "dismissal of the complaint with prejudice was appropriate to bring finality to a matter that was no longer being pursued in circuit court." (Ex. B at p. 12.) The Appellate Court further noted it was not persuaded by Plaintiff's argument that initiating the instant federal court action constituted compliance with the circuit court's order allowing for amendment, and pointed out there is no Illinois case law that would support such a position. (Ex. B at pp. 6, 12-13.) Accordingly, the judgment of the Circuit Court of DuPage County was affirmed, and following the denial of Plaintiff's petition for rehearing, the mandate from the Illinois Appellate court was issued, ultimately concluding the state court litigation. (Ex. B at p. 15, Ex. C.)

As such, this Defendant now moves to dismiss the instant action on the basis of *res judicata*, as the doctrine of claim preclusion bars the instant action.

## ARGUMENT

**I.      Legal Standard**

A motion to dismiss pursuant to federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In reviewing a motion to dismiss pursuant to rule 12(b)(6), the Court must accept as true all well-pleaded facts alleged by the Plaintiff and all reasonable inferences that can be drawn therefrom. *See Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005). *Res judicata* is an affirmative defense pursuant to Federal Rule of Civil Procedure 8(c). Where an

affirmative defense is disclosed in the Complaint, it can give rise to a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted based on the proposition that "a plaintiff can plead himself out of court." *Muhammad v. Oliver*, 547 F.3d 874, 878 (7th Cir. 2008). A *res judicata* defense may be properly raised by a Rule 12(b)(6) motion when two conditions are satisfied:

> The first condition is that the facts that establish the defense must be definitively ascertainable from the allegations of the complaint, the documents (if any) incorporated therein, matters of public record, and other matters of which the court may take judicial notice. The second condition is that the facts so gleaned must conclusively establish the affirmative defense.

*In re Colonial Mortgage Bankers Corp.*, 547 F.3d 12, 16 (1st Cir. 2003) as adopted by the Seventh Circuit in *Muhammad v. Oliver*, 547 F.3d at 878.

Significantly, this Court may take judicial notice of a document that a party filed in another court so long as that document is offered to show what was stated to the court rather than for the truth of the matter asserted. *See Opoka v. I.N.S.*, 94 F.3d 392, 395 (7th Cir. 1996). Similarly, this Court may take judicial notice of the contents of other courts' records. *See Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F. 3d 1074, 1080-81 (7th Cir. 1997) (observing that judicially noticeable facts provide a "narrow exception" to the rule that a district judge may not consider extrinsic materials in deciding a Rule 12(b)(6) motion.) For example, in *Sledge v. Bellwood Sch. Dist. 88*, the Seventh Circuit held it was appropriate for the district Court to dismiss certain claims based on the doctrine of *res judicata* through a Rule 12(b)(6) motion where the complaint referenced the plaintiff's prior state-court action, and where the defendant attached to its motion to dismiss a copy of the plaintiff's prior state-court complaint and the dismissal order—documents of which the district court was entitled to take judicial notice. *Sledge v. Bellwood Sch. Dist. 88*, 487 F. App'x 313, 314 (7th Cir. 2012).

## II. Plaintiff's Action is Barred by the Doctrine of Res Judicata

The application of *res judicata* is meant to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication. *Warren v.* McCall, 709 F. 2d 1183, 1184 (7th Cir. 1983). Under 28 U.S.C. § 1738, full faith and credit requires the federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so. *Allen v. McCurry*, 449 U.S. 90, 96 (1980). Accordingly, this court must apply the res judicata law of Illinois in determining the preclusive effect of a judgment rendered by an Illinois court. *Hagee v. Evanston*, 729 F.2d 510, 512 (7th Cir. 1984).

Under Illinois law, the doctrine of res judicata provides that a final judgment on the merits rendered by a court of competent jurisdiction bars any subsequent actions between the same parties or their privies on the same cause of action. *Rein v. David A. Noyes & Co.*, 172 Ill. 2d 325, 334, 665 N.E.2d 1199, 1204 (Ill. 1996). The doctrine of res judicata is founded upon the important public policy principles of judicial economy and consistency. *See Morris v. Union Oil Co.*, 96 Ill. App. 3d 148, 154, 421 N.E.2d 278, 283 (Ill. App. Ct. 1981). A plaintiff is not permitted to bring separate suits in piecemeal fashion on a claim or cause of action which is by its nature entire and indivisible. *Id.*, 421 N.E.2d at 283. Significantly, the doctrine extends not only to what has actually been determined in the former proceedings <u>but to any other matters properly involved by the subject matter which might have been raised and determined</u>. *Id.*, 421 N.E.2d at 282 (emphasis added.) Accordingly, when the elements necessary to invoke *res judicata* are present, "*res judicata* will bar not only every matter that was actually determined in the first suit, but also every matter that might have been raised and determined in that suit." *Hudson v. City of Chicago*, 228 Ill. 2d 462, 889 N.E.2d 210, 217 (Ill. 2008). Moreover, where

res judicata applies, it operates without regard to whether the prior adjudication is correct or erroneous. *Morris*, 96 Ill. App. 3d. at 154, 421 N.E. 2d at 282. For the doctrine of res judicata to apply, three requirements must be met: (1) there was a final judgment on the merits rendered by a court of competent jurisdiction; (2) there was an identity of cause of action; and (3) there was an identity of parties or their privies. *Rein*, 172 Ill. 2d at at 334-35, 665 N.E.2d at 1204. All three requirements are met in the instant action, and therefore Plaintiff's Complaint must be dismissed.

### A. *Plaintiff's state court litigation reached a final judgment on the merits.*

Under Illinois Supreme Court Rule 273, "an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits." Ill. Sup. Ct. R. 273. Illinois Courts have explained that Rule 273 applies to an involuntary dismissal of an action, such as that which occurs when a motion to dismiss under sections 2-615 or 2-619 of the Illinois Code of Civil Procedure is granted. *Rein*, 172 Ill. 2d at 335-36, 665 N.E.2d at 1204. Moreover, in Illinois, a State court order dismissing a suit with prejudice is considered a final judgment on the merits for purposes of applying *res judicata. People v. Chi. & I. Midland Ry.*, 258 Ill. App. 3d 409, 412, 629 N.E.2d 1213, 1215 (Ill. App. Ct. 1994). Dismissal with prejudice is deemed to be as conclusive of the rights of the parties as if the matter had proceeded to trial and been resolved by final judgment adverse to the plaintiff. *Id.*

Here, Plaintiff's State Court action reached a final judgment on the merits. On March 11, 2016, after the issues had been fully briefed and following a hearing, Judge Sutter granted this Defendant's Motion to Dismiss pursuant to Sections 2-615 and 2-619 of the Illinois Code of Civil Procedure. (Ex. H.) That Order dismissed Counts II and IV of Plaintiff's First Amended Complaint with prejudice. (Id.) The remaining counts were dismissed without prejudice, and

Plaintiff was granted forty-five (45) days, or until April 25, 2016 to file her Amended Complaint. (Id.) When she did not do so, this Defendant filed a second Motion to Dismiss, requesting that the remaining Counts be dismissed with prejudice. On July 21, 2016, after the motion had been fully briefed and following a hearing on the issues presented therein, Judge Sutter granted this Defendant's Motion, and dismissed the remaining counts of Plaintiff's First Amended Complaint, Counts I, III, V, VI, VII, VIII, and IX, with prejudice. (Ex. A; Ex. H.) Accordingly, as of July 21, 2016, Plaintiff's entire cause of action pending before the Circuit Court of DuPage County had been dismissed with prejudice. The Illinois Appellate Court affirmed this dismissal, finding when Plaintiff chose not to amend her complaint and there were no viable claims pending in the case, dismissal of the complaint with prejudice was appropriate. (Ex. B at p. 12.) The Illinois Appellate Court explained Plaintiff's failure to amend her pleading at the invitation of the Circuit Court was akin to electing to stand on her complaint. (Ex. B at p. 6.) Under this scenario, the dismissal of the Complaint constitutes "a final adjudication on the merits." (Ex B at p. 7.) Furthermore, pursuant to Illinois Supreme Court Rule 273, the dismissal constitutes an involuntary dismissal and operates as an adjudication upon the merits for the purposes of *res judicata*.

   **B.**   ***There is an identity of causes of action.***

  "A cause of action is defined by the facts that give rise to a right to relief. Though one group of facts may give rise to a number of different theories of recovery, there remains a single cause of action." *Wilson v. Edward Hosp.*, 2012 IL 112898, ¶ 10, 981 N.E.2d 971, 975 (Ill. 2012). Illinois applies the fact-based transactional test to determine whether causes of action are the same for the purposes of *res judicata*. *River Park v. City of Highland Park*, 184 Ill. 2d 290, 311, 703 N.E.2d 883, 893 (Ill. 1998). Under this test, separate claims are considered the same

cause of action for purposes of *res judicata* if they arise from a single group of operative facts, regardless of whether they assert different theories of relief. *Id.*

Here, both Plaintiff's federal action and her state court action arose from the same set of operative facts: Plaintiff claims she ordered sperm from Donor No. 380, a Caucasian donor, but sperm from Donor No. 330, an African American donor, was delivered, ultimately resulting in the birth of a mixed-race baby girl. (*See* Doc 1. *Compare* Ex. G.) Accordingly, under the transactional test, Plaintiff's cause of action is the same as the one previously litigated in DuPage County. In fact, not only is Plaintiff's cause of action the same, but the specific counts pled in this action, including violations of the Consumer Fraud and Deceptive Business Practices Act, common law fraud, common law breach of warranty, common law breach of contract, willful and wanton misconduct, and common law negligence, are identical to counts that were pled and dismissed with prejudice in the state court action. Accordingly, Plaintiff's cause of action pending before this court is identical to her cause of action previously litigated in state court. As all of he claims Plaintiff is making in the instant case were previously brought before the Circuit Court of DuPage County, the second element of *res judicata* is present in the case at bar.

### C.   *Plaintiff's state court litigation involved the same parties.*

It is clear on the face of the pleadings that both the state court action and the current action involve the same parties. (Doc. 1, Ex. D, Ex. G.) In both cases, Plaintiff, Jennifer Cramblett, brought her lawsuit against this Defendant - Midwest Sperm Bank. Accordingly, this third and final element of *res judicata* is met.

As all three elements of *res judicata* have been satisfied, this Court should dismiss Plaintiff's cause of action with prejudice.

WHEREFORE, for the above and foregoing reasons, Defendant MIDWEST SPERM BANK, LLC, respectfully requests this Honorable Court grant its Motion to Dismiss on the Issue of *Res Judicata* pursuant to Federal Rule of Civil Procedure 12(b)(6), dismiss Plaintiff's Complaint with prejudice, and provide such further relief as this Court deems necessary and proper.

Respectfully submitted,

CASSIDAY SCHADE LLP

By: /s/ *Lynsey Stewart*
One of the Attorneys for Defendant, MIDWEST SPERM BANK, LLC

Robert H. Summers, Jr. (#6208407)
Lynsey A. Stewart (#6314079)
CASSIDAY SCHADE LLP
222 West Adams Street, Suite 2900
Chicago, IL 60606
(312) 641-3100
(312) 444-1669 – Fax
rsummers@cassiday.com
lstewart@cassiday.com

038687/01240/RS/LAS

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JENNIFER L. CRAMBLETT,<br><br>        Plaintiff,<br><br>v.<br><br>MIDWEST SPERM BANK, LLC,<br><br>        Defendants. | No. 16-cv-04553 |

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2018, I electronically filed the foregoing **MEMORANDUM IN SUPPORT OF DEFENDANT'S RULE 12 (b)(6) MOTION TO DISMISS PLAINTIFF'S COMPLAINT ON THE ISSUE OF RES JUDICATA** with the Clerk of Court using the CM/ECF system, which will send electronic notice of same to the following:

    Jovan Ostojic: john@ostojiclaw.com
    Anna Liisa Louise Schourek: a.schourek@ostojiclaw.com

                                                    By: s/ Lynsey A. Stewart
                                                    Lynsey A. Stewart (#6314079)
                                                    Cassiday Schade LLP
                                                    *Attorneys for Defendant*
                                                   222 West Adams Street, Suite 2900
                                                   Chicago, IL 60606
                                                   (312) 641-3100
                                                   (312) 444-1669 – Fax

8297913 LSTEWART;LSTEWART