2017 IL App (2d) 160694-U
No. 2-16-0694
Order filed June 27, 2017

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| JENNIFER L. CRAMBLETT, | ) | Appeal from the Circuit Court |
| | ) | of DuPage County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 15-L-282 |
| | ) | |
| MIDWEST SPERM BANK, LLC, | ) | Honorable |
| | ) | Ronald D. Sutter, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE McLAREN delivered the judgment of the court.
Presiding Justice Hudson and Justice Spence concurred in the judgment.

## ORDER

¶ 1   *Held*: The circuit court properly dismissed plaintiff's first amended complaint with prejudice where plaintiff, instead of filing a second amended complaint as permitted by the circuit court, initiated a federal court action between the same parties for the same cause and maintained that the federal complaint constituted compliance with the trial court's order allowing her 45 days in which to further amend her complaint.

¶ 2                                              I. BACKGROUND

¶ 3   In her amended complaint, plaintiff, Jennifer L. Cramblett, alleges the following "facts common to all claims." She is a resident of Scio, Ohio, and defendant, Midwest Sperm Bank, LLC, has its principal office in Downers Grove, Illinois. In December, 2011, plaintiff was



artificially inseminated with sperm shipped from defendant. Although plaintiff ordered sperm from defendant donor No. 380, who is Caucasian, defendant delivered sperm from donor No. 330, who is African-American. Approximately five months into her pregnancy, plaintiff learned from her fertility clinic in Akron, Ohio, that she had been inseminated with donor No. 330's sperm.

¶ 4     Plaintiff further alleges that on or about August 11, 2011, defendant provided her with a "Certification of FDA Compliance," signed by defendant's Laboratory Director, stating:

> "This letter certifies that Midwest Sperm Bank, LLC is in strict compliance with all FDA Regulatory Requirements for Human Cells, Tissues and Cellular and Tissue Based Products (HCT/P's) as described in 21 CFR PART 1271 and all relevant subparts. Our FDA Registration number is FEI: 3004743932."

At all relevant times, defendant's "representations and warranties in the Certification were knowingly false." Defendant knew that it did not comply with "various current good tissue practice ('CGTP') requirements in 21 CFR PART 1271, Subpart D, relative to the processing, storage, labeling, packaging and distribution of HC/P's," specifically:

(a)  it did not have personnel sufficient to ensure compliance with CGTP requirements in violation of 21 CFR § 1271.170(a);

(b)  it did not have personnel with the necessary education, experience, and training to ensure competent performance of their assigned functions in violation of 21 CFR § 1271.170(b);

(c)  it failed to train all personnel to perform their assigned responsibilities adequately in violation of 21 CFR § 1271.170(c);

    (d)    it failed to establish or maintain procedures to control the labeling of HCT/Ps to ensure proper HCT/P identification and to prevent mix-ups in violation of 21 CFR § 1271.250(a);

    (e)    it failed to establish or maintain procedures to verify label accuracy, legibility and integrity in violation of 21 CFR § 1271.250(b);

    (f)    in violation of 21 CFR § 1271.250(c), it failed to establish or maintain procedures ensuring that each HCT/P was labeled in accordance with labeling requirements set forth in 21 CFR § 1271.290;

    (g)    it did not maintain records in the performance of CGTP requirements that were accurate, indelible, and legible in violation of 21 CFR § 1271.270(a);

    (h)    it did not establish or maintain a records management system relating to core CGTP requirements in violation of 21 CFR § 1271.270(b);

    (i)    it did not establish or maintain a method of records retention necessary to make the records legible in violation of 21 CFR § 1271.270(c); and

    (j)    in violation of 21 CFR § 1271.290(b), it did not establish or maintain a system of HCT/P tracking enabling the accurate tracking of all HCT/Ps from donor to final disposition and from final disposition to donor.

¶ 5    Plaintiff alleges that on August 21, 2012, she gave birth to a "beautiful, obviously mixed race, baby girl." Plaintiff has consulted with a sociologist and a social worker regarding the "numerous challenges and external pressures associated with an unplanned transracial parent-child relationship." The sociologist and social worker agree that both plaintiff and the child will require long-term individual and family counseling, as well as a change of domicile to a location that is more racially and culturally diverse. Plaintiff's current and future challenges with

transracial parenting would not have materialized "but for" defendant's "negligent failure to deliver sperm from the correct donor."

¶ 6  The record reveals that plaintiff filed her original complaint against defendant in Cook County Circuit Court on September 29, 2014, and the case was transferred to DuPage County on March 24, 2015. The complaint alleged wrongful birth and breach of warranty pursuant to the Blood and Organ Transaction Liability Act (745 ILCS 40/3 (West 2014)). On September 3, 2015, the circuit court of DuPage County dismissed both counts with prejudice and permitted plaintiff leave to file a first amended complaint.

¶ 7  Plaintiff's amended complaint alleged nine counts against defendant: (1) Violation of the Consumer Fraud and Deceptive Business Practices Act; (2) Violation of the Deceptive Trade Practices Act; (3) Common Law Fraud; (4) Violation of the Magnuson-Moss Act; (5) Negligent Misrepresentation; (6) Common Law Breach of Warranty; (7) Common Law Breach of Contract; (8) Gross Negligence; and (9) Ordinary Negligence. All nine causes of action were based on defendant's alleged violation of various FDA regulations set forth in 21 CFR Part 1271 and/or a false warranty of compliance with those regulations.

¶ 8  Defendant moved to dismiss the amended complaint pursuant to sections 2-615 and 2-619 of the Code of Civil Procedure. (735 ILCS 5/2-615, 2-619 (West 2014)). On March 11, 2016, the trial court considered the merits of each count and dismissed them all for failure to state causes of action. Counts two and four were dismissed with prejudice, and the remainder of the counts were dismissed without prejudice. Plaintiff was given 45 days, or until April 25, 2016, to file a second amended complaint.

¶ 9  Plaintiff did not amend her complaint nor seek additional time to do so. Instead, on April 22, 2016, she filed a six count complaint in the Northern District of Illinois alleging substantially

the same causes of action against defendant that had been dismissed by the circuit court without prejudice. She sought neither a stay nor a voluntary dismissal of her cause in the circuit court so that she could proceed on the federal case.

¶ 10   On May 13, 2016, defendant moved to dismiss the first amended complaint with prejudice, citing plaintiff's failure to comply with the court's order allowing her until April 25, 2016, to file an amended complaint. In her response, plaintiff argued that under Illinois law, filing an original complaint in federal court constituted compliance with the circuit court's order stating "[p]laintiff is granted 45 days to file a second amended complaint." She further stated that "[i]n federal court, this case will be finally determined more speedily and according [sic] the parties' substantive rights because . . . the Federal Rules of Civil Procedure eschew protracted motion practice at the pleading stage of a civil case."

¶ 11   On July 21, 2016, the trial court dismissed the seven remaining counts of the first amended complaint with prejudice, noting plaintiff's failure to re-plead them in the circuit court and defendant's "request to obtain finality, at least at the state court level." Plaintiff timely appealed.

¶ 12                    II. ANALYSIS

¶ 13                    A. Jurisdiction.

¶ 14   Although the parties do not question our jurisdiction to hear this appeal, an appellate court has an independent duty to determine whether it has jurisdiction and to dismiss an appeal if it does not. *In re Marriage of Waddick*, 373 Ill. App. 3d 703, 705 (2007). Appellate jurisdiction is limited to review of final judgments unless an order falls within a statutory or supreme court exception. *In re Guardianship of J.D.*, 376 Ill. App. 3d 673, 675, (2007). A judgment is final for purposes of appeal if it determines the litigation on the merits or some definite part thereof so

that, if affirmed, the only thing remaining is to proceed with the execution of the judgment. *In re Marriage of Verdung*, 126 Ill. 2d 542, 553 (1989). In this case, we must determine whether the order of July 21, 2016, is a final adjudication on the merits and, therefore, appealable.

¶ 15 The circuit court's order of March 11, 2016, dismissed two counts of plaintiff's amended complaint with prejudice and seven counts without prejudice. The record shows that the circuit court evaluated the merits of each count when making its ruling and found all nine of them to be legally deficient due to a lack of supporting facts. On July 21, 2016, after plaintiff elected not to file an amended complaint in circuit court, the trial court dismissed the remaining seven counts with prejudice, stating on the record, "I am granting the motion to dismiss the amended complaint in this case with prejudice based on the defendant's request to obtain finality, at least at the state court level."

¶ 16 In *Best Coin-Op, Inc. v. Old Willow Falls Condo. Ass'n*, 158 Ill. App. 3d 492, 496 (1987), the plaintiff advised the court that it would not make a request to file an amended complaint. Although it is unclear in the opinion whether the plaintiff expressly stated it was standing on its complaint, the trial court and the appellate court treated the plaintiff's decision not to amend as a choice to stand on its complaint. *Id.* In this case, plaintiff rejected the opportunity to amend and chose instead to file a federal court action. She did not request a voluntary dismissal in the circuit court, which might have indicated a desire not to stand on the first amended complaint. Accordingly, we believe that plaintiff effectively elected to stand on her first amended complaint in the circuit court.[1]

---

[1] As discussed below, we are not persuaded by plaintiff's argument that initiating an action in federal court constitutes compliance with the circuit court's order allowing her 45 days in which to amend her complaint.

¶ 17   The *Best Coin-Op* court proceeded to dismiss the plaintiff's complaint as "a final adjudication on the merits," citing Supreme Court Rule 273 (Ill. S. R. 273 (eff. Jan. 1, 1967)). See *Best Coin-Op*, 158 Ill. App. 3d at 496 ("Under the unambiguous terms of Supreme Court Rule 273, the dismissal in this case constitutes a final adjudication and was an adjudication on the merits."). Rule 273 provides: "Unless the order of dismissal or a statute of this state otherwise specifies, an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits." See *Brainerd v. First Lake County Nat. Bank of Libertyville*, 1 Ill. App. 3d 780, 782 (1971) (citing Supreme Court Rule 273 and holding that involuntary dismissal for failure to amend a complaint operates as an adjudication on the merits and is a final and appealable order). Because the involuntary dismissal in this case fits none of the exceptions under Rule 273, it too operates as a final adjudication on the merits and is a final and appealable order.

¶ 18   The Illinois Supreme Court has cautioned, however, "that what constitutes an adjudication on the merits should be based on the context in which a ruling is made." *Sterling v. Rockford Mass Transit Dist.*, 336 Ill. App. 3d 840, 846 (2003) (citing *Downing v. Transit Authority*, 162 Ill. 2d 70, 77 (1994). Here, plaintiff decided not to file an amended complaint and, instead, to file a federal court action. Defendant then sought a final order dismissing the amended complaint with prejudice and "definitively ending the action" in the circuit court.[2] *Richter v. Prairie Farms Dairy, Inc.*, 2016 IL 119518, ¶ 36. The trial court made findings as to

---

[2] Nor, as explained below, are we persuaded by plaintiff's argument that a stay of the circuit court action pursuant to section 2-619(a)(3) of the Code (735 ILCS 5/2-619(a)(3) (West 2014)) should have been ordered.

2017 IL App (2d) 160694-U

the merits of each count and expressly stated that it was dismissing the complaint in order to bring finality to the litigation in the circuit court. See *Best Coin-Op*, 158 Ill. App. 3d at 496 (the "record shows that the trial court intended its order to be a final adjudication on the merits"). Accordingly, the context in which the circuit court's ruling was made indicates that the dismissal of plaintiff's first amended complaint with prejudice is a final adjudication on the merits.

¶ 19 We conclude that we have jurisdiction over plaintiff's appeal.

¶ 20 B. Legal Sufficiency of the Amended Complaint.

¶ 21 Plaintiff argues that none of the counts in her first amended complaint should have been dismissed because all nine counts were sufficient in law. A motion to dismiss brought under section 2–615 of the Code of Civil Procedure (735 ILCS 5/2–615 (West 2014)) attacks the legal sufficiency of a complaint. *Bonhomme v. St. James*, 2012 IL 112393, ¶ 34. In ruling on a section 2–615 motion, a court must accept as true all well-pleaded facts in the complaint, as well as all reasonable inferences therefrom. *Id.* The critical inquiry is whether the allegations of the complaint, when construed in the light most favorable to the plaintiff, are sufficient to establish a cause of action upon which relief may be granted. *Id.*

¶ 22 In order to assist Illinois courts in reviewing the sufficiency of complaints, the Illinois Supreme Court has consistently emphasized that Illinois is a fact-pleading jurisdiction. See, *e.g.*, *Marshall v. Burger King*, 222 Ill. 2d 422, 429 (2006). "Accordingly, although complaints do not need to contain evidence, a complaint cannot be merely conclusory but must allege facts sufficient to bring a claim within a legally recognized cause of action." *Redelmann v. Claire–Sprayway, Inc.*, 375 Ill. App. 3d 912, 921 (2007). Orders granting a section 2–615 motion to dismiss are reviewed de novo. *Id.* at 920.

¶ 23   We find that all counts of the first amended complaint share common deficiencies. First, the pleadings fail to cover the time from the shipment of the sperm to plaintiff's pregnancy. Although plaintiff's original complaint contained additional allegations, the effect of filing an amended complaint is to withdraw and abandon any previous version, unless the amended complaint incorporates or refers to the earlier pleading. *Bonhomme*, 2012 IL 112393, ¶ 17 ("where an amendment is complete in itself and does not refer to or adopt the prior pleading, the earlier pleading ceases to be a part of the record for most purposes, being in effect abandoned and withdrawn." (Internal quotations omitted.)) Plaintiff's first amended complaint neither incorporates nor refers to the earlier pleading. Because plaintiff has abandoned her original complaint, we consider only the amended complaint as filed. Accordingly, we also do not consider plaintiff's citations to her first amended complaint in her brief's statement of facts.

¶ 24   In order to state her causes of action, plaintiff needed to plead at least some of the intervening acts between the delivery of the sperm and the pregnancy. The first amended complaint contains no allegations of fact, for example, as to the packaging and labeling of the sperm, where the sperm was delivered, who received and handled it, where the artificial insemination occurred, or who was involved in the insemination procedure. A plaintiff is not required to set out evidence tending to prove ultimate facts (*City of Chicago v. Beretta U.S.A. Corp.*, 213 Ill. 2d 351, 369 (2004)); she must, however, allege facts to support each element of her cause of action, including proximate cause. *Y-Not Project, Ltd. v. Fox Waterway Agency*, 2016 IL App (2d) 150502, ¶ 27 (a plaintiff is required to set forth a legally recognized claim and plead facts in support of each element that brings the claim within the cause of action alleged.) We may determine the lack of proximate cause as a matter of law where the facts alleged do not sufficiently demonstrate legal cause. *Young v. Bryco Arms*, 213 Ill. 2d 433, 446,

447 (2004) (legal cause "is established only if the defendant's conduct is "so closely tied to the plaintiff's injury that he should be held legally responsible for it." (Internal quotation marks omitted.).

¶ 25    Plaintiff contends that she sufficiently pleaded the proximate cause element of her claims because she "alleged facts and injuries, which if true, constitute the natural and proximate result of [d]efendant's violations of Illinois law" and because she pleaded proximate cause in each of her claims. The paragraphs she cites in each count, however, simply state that plaintiff has been damaged or has suffered "[a]s a direct and proximate result" of defendant's breach or violation. These statements are mere conclusions "unsupported by specific factual allegations." *Unterschuetz v. City of Chicago*, 346 Ill. App. 3d 65, 69 (2004). See *Adkins v. Sarah Bush Lincoln Health Ctr.*, 129 Ill. 2d 497, 520 (1989) ("an actionable wrong cannot be made out merely by characterizing acts as having been wrongfully done; the pleading of conclusions alone will not suffice for the factual allegations upon which a cause of action must be based"). The only factual allegation plaintiff makes regarding the events that occurred between the sperm's delivery and her pregnancy is that she "was artificially inseminated with sperm shipped from" defendant. This single allegation is insufficient as a matter of law to establish proximate cause. She has failed to plead sufficient facts to show that defendant's conduct was "so closely tied to [her] injury that [it] should be held legally responsible for it." *Young*, 213 Ill. 2d at 446.

¶ 26    Second, all nine counts are based, at least in part, upon FDA regulatory requirements for human cells, tissues and cellular- and tissue-based products (HCT/P's) expressly designed to "prevent the introduction, transmission, and spread of communicable diseases." See 21 CFR §§ 1271.1(a), 1271.145, 1271.50. There are no allegations regarding disease in the amended complaint. Plaintiff argues, however, that the provisions referenced in her amended complaint

pertain to the "processing, storage, labeling, packaging and distribution" of HCT/P's and that the requirements for ensuring proper identification, labeling and prevention of "mix-ups" apply to sperm banks and her particular circumstances.

¶ 27   Even if plaintiff were correct about the application of 21 CFR § 1271 to this situation, her complaint fails to state a cause of action under the regulation. "[I]n considering a motion to dismiss, a court [in a fact-pleading jurisdiction] must disregard the conclusions that are pleaded and look only to well-pleaded facts to determine whether they are sufficient to state a cause of action against the defendant. If not, the motion must be granted, regardless of how many conclusions the count may contain and regardless of whether or not they inform the defendant in a general way of the nature of the claim against him." (Internal quotation marks omitted.) *City of Chicago v. Beretta U.S.A. Corp.*, 213 Ill. 2d 351, 369 (2004) (explaining the difference between notice-pleading and fact-pleading standards). Merely identifying provisions of a federal regulation and claiming injury as a result of defendant's failure to comply with them is legally insufficient in a fact-pleading jurisdiction such as Illinois. It cannot be discerned from the amended complaint whether the sperm specimen was misidentified or mislabeled or in what other way plaintiff failed to comply with the regulation. In other words, plaintiff has omitted factual allegations from which a nexus between defendant's purported breaches and her injuries may properly be inferred.

¶ 28   Because the complaint fails to state a cause of action as to proximate cause, we need not address the issue of whether the damages sought were unauthorized at law.

¶ 29   For the above reasons, the trial court's order dismissing all nine counts of the first amended complaint was appropriate. We review the trial court's decision to dismiss with prejudice for an abuse of discretion. *Razor Capital v. Antaal*, 2012 IL App (2d) 110904, ¶ 28.

In doing so, we consider whether the trial court took into account the unique and particular circumstances of the case before it; if so, the court did not abuse its discretion. *Ingold v. Irwin*, 302 Ill.App.3d 378, 384 (1998).

¶ 30 This case involves a unique and particular circumstance of plaintiff's making, that is, her position that initiating an action in federal court constituted compliance with the circuit court's order allowing her leave to file a second amended complaint. When plaintiff chose not to amend her first amended complaint, there were no viable claims pending in the case. As stated above in our discussion of jurisdiction, dismissal of the complaint with prejudice was appropriate to bring finality to a matter that was no longer being pursued in circuit court.

¶ 31 C. Effect of Plaintiff's Federal Court Action

¶ 32 Plaintiff contends that initiating a similar action in federal court constitutes compliance with the circuit court's order allowing her 45 days in which to file a second amended complaint because the March 11, 2016, order did not require her to file her second amended complaint in circuit court. Plaintiff claims she had grown "weary of the pleading obstacles imposed upon her in state court," and federal pleading rules would expedite a decision on the merits.

¶ 33 Plaintiff cites only to *Smith v. Central Ill. Regional Airport*, 207 Ill. 2d 578 (2003), for the proposition that filing a complaint in federal court complies with a circuit court order granting leave to file an amended complaint. *Smith* stands for no such thing. Although the supreme court noted that leave to file an amended count "allowed plaintiff to pursue other options available to him," it enumerated only two such options: (1) standing on the complaint and having it dismissed with prejudice, or (2) voluntarily dismissing the count, in which case, after expiration of the leave-to-amend period, the order granting defendant's motion to dismiss would be considered to be with prejudice. The *Smith* plaintiff had elected to voluntarily dismiss

within the leave period, but the circuit court determined that he had failed to act. The supreme court reversed. The *Smith* court never mentioned filing in federal court as an option to amending a complaint in circuit court, much less "explicitly permitted it," as plaintiff argues on appeal.

¶ 34 Plaintiff's exclusive focus on the words "other options" is misplaced. The *Smith* court addressed the narrow issue of the plaintiff's optional right to a voluntary dismissal. To extend the court's reasoning to hold that filing a new action in federal court is also an option to filing an amended complaint "would be taking the court's words out of context and extending them to a situation never contemplated by the court." See *ChiCorp Inc. v. Bower*, 336 Ill.App.3d 132, 138 (2002) (the supreme court's resolution of an exhaustion of remedies issue could not be extended to hold that a court had the authority to hear a moot case).

¶ 35                     D. Stay of State Court Complaint

¶ 36 Plaintiff argues that the trial court erred in not entering an order pursuant to section 2-619(a)(3) (735 ILCS 5/2–619(a)(3) (West 2014)) staying the "duplicative" circuit court proceedings pending the outcome of her federal court case. Section 2-619(a)(3) allows a defendant to move for dismissal or other appropriate action if "there is another action pending between the same parties for the same cause." We review for an abuse of discretion. See *Kellerman v. MCI Telecommunications Corp.*, 112 Ill. 2d 428, 447 (1986) (the decision to grant or deny a section 2-619(a)(3) motion is discretionary with the trial court).

¶ 37 Plaintiff has forfeited this argument because she did not request a stay or raise the issue of a stay in the trial court. See *In re Marriage of Sharp*, 369 Ill. App. 3d 271, 276 (2006) (a matter not properly presented to the trial court by the appellant will not be considered on appeal). The argument is forfeited for the further reason that plaintiff has offered no authority for the proposition that the trial court should have acted *sua sponte* pursuant to section 2-619(a)(3) when

no motion had been filed. See *McElmeel v. Safeco Insurance Co. of America*, 365 Ill. App. 3d 736. 734 (2006) ((arguments unsupported by citation to authority will not be considered on appeal).

¶ 38   Forfeiture aside, however, we are not persuaded by plaintiff's reasoning that a stay of the circuit case was appropriate because the circuit court action was "dormant," while the federal court case was "active." As plaintiff acknowledges, seven counts of her amended complaint were dismissed in the circuit court on March 11, 2016, without prejudice to re-plead. Only the two counts dismissed with prejudice were inactive when plaintiff filed her federal court case on April 22, 2016. The circuit court case remained active throughout both the 45-day period for amendment and the briefing and hearing on defendant's motion to dismiss until the court's order of July 21, 2016, dismissing the remaining seven counts. Far from "resurrecting" a "dormant" case, as plaintiff contends, on July 21, 2016, the circuit court ended the active state court litigation. Moreover, "[t]he purpose of section 2-619(a)(3) of the Code is to prevent duplicative litigation." *Van Der Hooning v. Board of Trustees of University of Illinois*, 2012 IL App (1st) 111531, ¶ 24 (citing *Kellerman*, 112 Ill. 2d at 447). According to plaintiff, the only action in the federal court case on July 21, 2016, was briefing on "motions directed to the pleadings." It appears from plaintiff's statement that the federal court proceedings were replicating the state court proceedings, and if any case deserved to be stayed, it was the duplicative federal court litigation.

¶ 39   Finally, plaintiff urges this court to remand the matter to the trial court with instructions either to stay the proceedings "indefinitely" or to dismiss the case "otherwise than on the merits." We decline plaintiff's invitation because, as stated above, we believe that, under the

circumstances, the trial court did not err in dismissing the amended complaint with prejudice and dismissing the state court litigation altogether.

¶ 40                              III. CONCLUSION

¶ 41   For the reasons stated, the judgment of the circuit court of DuPage County is affirmed.

¶ 42   Affirmed.