038687/01240/RS/LAS

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JENNIFER L. CRAMBLETT,<br><br>Plaintiff,<br><br>v.<br><br>MIDWEST SPERM BANK, LLC,<br><br>Defendants. | No. 16-cv-04553 |

**DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL AND FOR RULING ON DEFENDANT'S MOTION TO DISMISS ON THE ISSUE OF *RES JUDICATA***

NOW COMES the Defendant, MIDWEST SPERM BANK, LLC, by and through its attorneys, CASSIDAY SCHADE LLP, and for its motion to strike Plaintiff's Notice of Voluntary Dismissal and for Ruling on Defendant's Rule 12(b)(6) Motion, states as follows:

1. On January 27, 2017, this Court stayed the instant action pursuant to the *Colorado River* doctrine after finding that a parallel action was proceeding in state court. (Doc. 29). At that time, this action was placed on the Court's suspended trial calendar. (Doc. 28.)

2. On March 29, 2018, this defendant filed a motion to lift the stay and a motion for leave to file its motion to dismiss on the issue of *res judicata*. (Doc. 42.) A copy of this defendant's Motion to Dismiss on the issue of *res judicata* with all supportive exhibits was attached to the motion to lift the stay. (Doc. 42.)

3. Pursuant to that motion, on April 3, 2018, this Court lifted the *Colorado River* stay and granted this defendant leave to file its motion to dismiss on the issue of *res judicata*. At that time, the Court also entered a briefing schedule whereby Plaintiff was ordered to file her response to defendant's motion to dismiss by April 24, 2018. (Doc. 44).

4. Pursuant to the April 3rd Order, this Defendant filed its motion and memorandum of law in support of its Rule 12(b)(6) motion to dismiss Plaintiff's Complaint on the issue of *res judicata* on April 5, 2018. (Doc. 46.) Attached to that motion, were 10 exhibits, including copies of Plaintiff's state court pleadings as well as transcripts of state court hearings and state and appellate orders demonstrating plaintiff's pending state court action had reached a final adjudication on the merits. (Doc. 46.)

5. On April 24, 2018, in lieu of filing a response to defendant's motion to dismiss on the issue of *res judicata*, plaintiff filed a Notice of Voluntary Dismissal pursuant to Rule 41(a)(1)(A)(i). (Doc. 50.)

6. This defendant now moves to strike Plaintiff's notice of voluntary dismissal and moves for ruling on its Motion to Dismiss on the issue of *res judicata.*

7. Rule 41(a)(1)(A)(i) only allows a Plaintiff to voluntarily dismiss an action without a court order by filing a notice of dismissal before the opposing party serves an answer or motion for summary judgment. Fed. R. Civ. P. 41(a)(1)(i).

8. *Res judicata* is an affirmative defense pursuant to Federal Rule of Civil Procedure 8(c). Although affirmative defenses are usually raised in the answer and decided in a motion for summary judgment, the district court can rule on the affirmative defense of *res judicata* by way of a Rule 12(b)(6) motion when the affirmative defense is raised on the face of the Complaint. *See Muhammad v. Oliver*, 547 F.3d 874, 878 (7th Cir. 2008). The 7th Circuit has explained "no purpose would be served by compelling the defendant to file an answer rather than proceed by motion when the plaintiff has pleaded the answer himself." *Id.* However, while *res judicata* can be properly raised in a Rule 12(b)(6) motion to dismiss, because such defenses often require the court to consider matters outside the complaint, a motion raising these defenses ordinarily must

be treated as one for summary judgment. *See, e.g., D & K Props. Crystal Lake v. Mut. Life Ins. Co. of New York*, 112 F.3d 257 (7th Cir. 1997).

9. Significantly, Rule 12(d) states that that "if, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion ***must*** be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d) (emphasis added).

10. Here, as defendant's Rule 12(b)(6) motion to dismiss on the issue of *res judicata* presented matters outside the pleadings that have not been excluded by this Court and should be relied on by the Court in ruling on the motion, defendant's motion must be treated as a motion for summary judgment pursuant to Rule 12(d), curtailing Plaintiff's right to withdraw his complaint without prejudice. Any other result would be to exalt form over substance.

11. As Defendant's Motion to Dismiss on the issue of *res judicata* was served prior to the filing of Plaintiff's Notice of Voluntary dismissal, Plaintiff is unable to dismiss her action without a court order pursuant to Rule 41(a)(1)(A)(i) . Instead, Plaintiff's cause of action can only be voluntarily dismissed pursuant to stipulation or by court order, neither of which plaintiff has obtained.

12. Accordingly, Plaintiff's Notice of Voluntary Dismissal should be stricken.

WHEREFORE, the Defendant, MIDWEST SPERM BANK, LLC, by and through its attorneys, CASSIDAY SCHADE LLP, respectfully requests this Court enter an Order striking Plaintiff's Notice of Voluntary Dismissal and for an Order ruling on Defendant's Motion to Dismiss on the issue of *Res Judicata.*

Respectfully submitted,

CASSIDAY SCHADE LLP

By: /s/ Lynsey Stewart
One of the Attorneys for Defendant, MIDWEST SPERM BANK, LLC

Robert H. Summers, Jr.
Lynsey A. Stewart
CASSIDAY SCHADE LLP
222 West Adams Street, Suite 2900
Chicago, IL 60606
(312) 641-3100
(312) 444-1669 – Fax
rsummers@cassiday.com
lstewart@cassiday.com

8833484 LSTEWART;LSTEWART